409 A.2d 890

**COMMONWEALTH of Pennsylvania**

v.

**Thurmond R. BERRY, Appellant.**

Superior Court of Pennsylvania.

Argued July 17, 1979.

Filed Sept. 7, 1979.

Kenneth L. Mirsky, Philadelphia, for appellant.

Val Pleet Wilson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before MONTGOMERY, O'BRIEN and HONEYMAN, JJ.*

O'BRIEN, Judge:

Appellant, Thurmond Berry, entered a plea of guilty to murder generally, the Commonwealth certifying that the degree of guilt rose no higher than murder of the second degree. Appellant also pled guilty to tampering with a witness, four counts of robbery, criminal conspiracy and various weapons offenses. Following a colloquy, the trial court accepted appellant's guilty pleas and found the degree of guilt in the homicide to be murder of the second degree. Appellant was sentenced to life imprisonment for the murder conviction with a consecutive one to five year prison term for tampering with a witness. Appellant was also sentenced to various probationary terms for the remaining convictions. This appeal followed.

Appellant raises two issues on this appeal, both of which involve the validity of his guilty plea on the homicide.[1] He first argues that he did not enter a valid plea of guilty because he was not clearly advised that a conviction for murder of the second degree carried a mandatory sentence of life imprisonment. He also argues that he did not knowingly, intelligently and voluntarily plead guilty where his attorney advised him he might be able to obtain his release from prison in three to three and one-half years.

In *Commonwealth v. Lee*, 460 Pa. 324, 333 A.2d 749 (1975), the court made clear that the proper method to challenge the validity of a guilty plea is to file a petition to withdraw the plea.[2] Under normal circumstances, appellant's arguments would be considered waived because of his failure to

* Justice Henry X. O'Brien of the Supreme Court of Pennsylvania, and Judge Robert W. Honeyman of the Court of Common Pleas of Montgomery County, Pennsylvania, are sitting by designation.

1. Appellant does not challenge the validity of his guilty pleas to the non-homicide offenses.

2. This requirement was codified in Pa.R.Crim.P. 321 (effective for all sentences imposed after July 1, 1978).

file a petition to withdraw the plea. Our review of the record, however, indicates that appellant was neither informed of the necessity to file a petition to withdraw the plea nor of the consequences of a failure to do so. In *Commonwealth v. Brandon*, 485 Pa. 215, 401 A.2d 735 (1979), the court held that where a defendant is not informed of his rights to file a petition to withdraw a plea, failure to assert these rights cannot amount to an effective waiver. Brandon was thus allowed to file a petition to withdraw his guilty plea *nunc pro tunc* in the trial court. As in *Brandon*, we refuse to find an effective waiver of appellant's right to file a petition to withdraw the plea because he was never informed of the necessity of doing so.

Matter remanded to the trial court to allow appellant to file a petition to withdraw his guilty plea on the homicide *nunc pro tunc*.