438 A.2d 977

**COMMONWEALTH of Pennsylvania,**

v.

**Salvatore ABBRUZZESE, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 5, 1980.

Filed Dec. 18, 1981.

248

Michael D. Rubin, Philadelphia, for appellant.

Gaele McLaughlin Barthod, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before BROSKY, JOHNSON and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from an order denying, after hearing, the relief requested in appellant's counseled Post Conviction Hearing Act[1] (PCHA) petition. We affirm.

Appellant entered guilty pleas on two informations charging Burglary,[2] and Possession with Intent to Deliver a Controlled Substance[3] pursuant to a plea bargain by which the Commonwealth nol prossed other charges. After an extensive colloquy, the trial court accepted the pleas and sentenced appellant to serve concurrent terms of imprisonment of five to fifteen years. A timely motion for reconsideration of the sentence was denied after hearing. No direct appeal from the judgments of sentence was taken. Some twenty-two months later, appellant, with counsel, filed a

1. See the Act of January 25, 1966, P.L. (1965) 1580 § 1 *et seq.*, 19 P.S. § 1180–1 *et seq.* (Supp.1981–82).

2. 18 Pa.C.S.A. § 3502.

3. 35 Pa.C.S.A. § 780–113(a)(30).

PCHA petition alleging, as he does on this appeal, (1) that he entered his guilty pleas solely at the urging of his original counsel who had promised him a minimum sentence of not more than three years, and (2) that counsel failed to advise him of his right to file a motion to withdraw his guilty plea. These grounds were also reasserted in an amended PCHA petition. After hearings on the PCHA petitions, the hearing court issued an order denying relief. We affirm.

Before reaching the merits of appellant's claims, we need to determine the scope of review to be given in this case. The prosecution argues on appeal that appellant has waived the right to raise claims concerning his guilty plea because his failure to appeal constitutes a rebuttable presumption of a "knowing and understanding" waiver. 19 P.S.A. § 1180–4(b)(1). We will consider each claim seriatim.

■ Appellant's first allegation that he was deprived of the effective assistance of counsel because counsel failed to advise him of his right to file a motion to withdraw a guilty plea constitutes "extraordinary circumstances excusing appellant's failure to raise the issue previously." *Commonwealth v. Maute*, 263 Pa.Super. 220, 224 ftn. 2, 397 A.2d 826, 828 ftn. 2 (1979).

At the guilty plea, sentencing, and reconsideration hearings, appellant was represented by the same counsel. Appellant's PCHA counsel is different from his guilty plea counsel, thus properly preserving the issue of the latter's ineffectiveness.[4] See *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975). Furthermore, we have said:

"[i]f counsel on direct appeal is the same as trial counsel, and the issue of trial counsel['s] ineffectiveness is not asserted on appeal (*either by failure to take an appeal at all* or by not raising the issue on appeal), *there is no waiver. Commonwealth v. Dancer*, [*supra*]. As we said

4. Although a different attorney was assigned to represent appellant at the reconsideration hearing, that attorney was an associate of the individual who had represented appellant at the guilty plea and sentencing stages. Thus, these individuals would constitute the same counsel for purposes of resolving appellant's ineffectiveness claim. See *Commonwealth v. Via*, 455 Pa. 373, 316 A.2d 895 (1974).

in *Commonwealth v. Mabie*, 467 Pa. 464, 359 A.2d 369 (1976):

'... it is ... unrealistic to expect counsel to file motions and/or an appeal challenging his own ineffectiveness ....'" *Commonwealth v. Frankhouser*, 491 Pa. 171, 175, 420 A.2d 396, 398 (1980). (Emphasis added).

For these reasons, notwithstanding appellant's failure to have taken a direct appeal, no waiver has occurred.

With respect to appellant's claim that counsel induced him into entering a plea of guilty, the proper procedure to challenge a guilty plea, where the *only* challenge is directed to the validity of the plea, would have been to file a motion to withdraw before the trial court. *Commonwealth v. Frankhouser*, supra. If that was unsuccessful, appellant could have raised the issue on direct appeal. *Commonwealth v. Allen*, 278 Pa.Super. 501, 502, 420 A.2d 653, 656 (1981). Appellant, however, in this appeal assigns counsel's ineffectiveness as the basis for his failure to file a petition to withdraw. Thus, we will dispose of the issues (i.e., whether trial counsel was ineffective for failing to advise him of his right to file a motion to withdraw, and whether counsel forced him into entering a plea of guilty) because the issues in this case "are inseparably linked and judicial economy is best promoted by dispensing of the two issues in one, unified proceeding." See *Commonwealth v. Maute*, supra, 263 Pa. Super. at 224 ftn. 2, 397 A.2d at 828 ftn. 2.

Turning now to the merits of appellant's claim, the first issue presented, i. e., the allegation that counsel guaranteed a lesser sentence than actually imposed, is essentially an issue of credibility between the testimony of the original counsel and his associate (who represented appellant at the hearing for the reconsideration of sentence) and that of appellant. The hearing court, as the trier of fact, resolved the credibility issue in favor of the guilty plea counsel and his associate. It is hornbook law that we will not disturb findings of the hearing court on appeal when they are supported in the record. *Commonwealth v. Wallace*, 495 Pa.

295, 433 A.2d 856, 858 (1981); *Commonwealth v. Taylor*, 491 Pa. 205, 206, 420 A.2d 413, 414 (1980); *Commonwealth v. Minnick*, 432 Pa. 462, 464, 247 A.2d 569, 571 (1968). Instantly, the following excepted portions of the record show that trial counsel testified that he never guaranteed appellant a lesser sentence:

[TRIAL COUNSEL]

A. "Well, because I believe at the listing in front of Judge Klein there were four open burglaries. He was on a detainer from Judge Richette as a result of the arrest of the arrest [sic] on these burglaries and a detainer in front of Judge Conroy and my indication at that time—I had a program in front of Judge Klein and I was working with Assistant District Attorney Michael Goldberg at the time and I felt that if he pleaded guilty in front of Judge Klein, that we could work out the other sentences with Conroy and Richette.

[THE COURT]

You mean Judge Conroy and Judge Richette.

[TRIAL COUNSEL]

I'm sorry, sir.

[PCHA COUNSEL FOR APPELLANT]

Q. Did you ever advise him during any of these meetings that you had with him what his sentence would be?

[TRIAL COUNSEL]

A. Well, I indicated to him that I would be working for a very low minimum, not caring about what the maximum was and I was hopeful to get a one year minimum, ten year maximum or four year maximum, whatever. I don't recall exactly what the max was but I indicated to him that I was trying to work out that kind of a deal, yes."

PCHA Hearing Transcript, 3/19/79, at 4–5.

Moreover, the appellant himself, in testifying as to what advice counsel gave him just prior to his entry of his guilty pleas, testified as follows:

[PCHA COUNSEL FOR APPELLANT]

Q. "Now, would you tell His Honor in your own words what occurred between you and Mr. Mozenter [trial coun-

sel] on the date that you pleaded guilty to the charges involved here which took place on July 22, 1976 in Room 696 before Judge Klein?

[APPELLANT]

A.   We come [sic] down from up in the sheriff's and Bob told me—

Q.   Bob meaning?

A.   I mean Mr. Mozenter told me to plead guilty.  He says some of the cases will get nolle prossed and we'll get *maybe* two and a half to five, one to three or three to 15, somewhere in that range.  So I went along and pled guilty."  (PCHA Hearing Transcript, at 22) (emphasis added).

When appellant was then asked whether he thought the foregoing was merely a suggestion or a guarantee, he responded, "I *felt* that it was a guarantee because I had a lot of faith in" my attorney.  (PCHA Hearing Transcript at 23) (emphasis added).  Therefore, because the record supports the hearing court's determination that appellant's own testimony shows that counsel did not guarantee a lesser sentence, we will not disturb that determination on appeal. *Commonwealth v. Taylor,* supra.

Appellant is also not entitled to relief on his second claim that counsel was ineffective for failing to advise him of his right to withdraw his pleas.

■   Normally, where the record shows, as in the instant case, that the accused had not been informed "by the lower court or his counsel of the right to petition to withdraw his guilty plea, or the right to the assistance of counsel in filing such a petition, and *of the consequences of not filing such a petition," Commonwealth v. Johnson,* 258 Pa.Super. 214, 217, 392 A.2d 760, 762 (1978) (emphasis in original), we have applied the following principles:

"In such situations appellants are treated in the same fashion as those whose appeals were pending when we decided *Commonwealth v. Roberts,* [237 Pa.Super. 336, 352 A.2d 140 (1975)]; we remand for the filing of petitions to

withdraw the guilty pleas *nunc pro tunc*, thereby affording the trial court the first opportunity to rule on the underlying issue. . . . " *Commonwealth v. Johnson, Id.,* 258 Pa.Super. at 218, 392 A.2d at 763 (emphasis in original). Accord *Commonwealth v. Frankhouser,* supra.

In the instant case, however, a remand is not warranted because a full PCHA hearing was held below on appellant's challenges to his guilty plea and the court below addressed the issues appellant raised and denied relief.

As a result, the issue, (i.e., the inducement of his plea by counsel) that appellant claims was foreclosed because trial counsel failed to inform him of his right to file a motion to withdraw is the same issue that we have determined is without merit. Thus, appellant has not in any way been prejudiced by counsel's inaction. See *Commonwealth v. Velasquez,* 488 Pa. 244, 246, 412 A.2d 489, 490 (1980).[5]

Under these circumstances, we have said:

**5.** At the time appellant entered his plea, on July 22, 1976, this Court had said that:

"[w]here the only challenge to the proceedings in the trial court is directed to the validity of the guilty plea itself, the proper procedure is to *first* file with that court a petition to withdraw the plea." *Commonwealth v. Lee,* 460 Pa. 324, 327, 333 A.2d 749, 750 (1975) (Emphasis added).

However, on December 1, 1975, after *Lee* was decided, we "deemed it necessary to *require* strict compliance with this procedure." *Commonwealth v. Roberts,* supra, 237 Pa.Super. at 338 n. 1, 352 A.2d at 141 n. 1 (1975). (Emphasis added) The requirement that a challenge to a guilty plea must be challenged first before the trial court has been codified in Pa.R.Crim.P. 321, whose effective date was some thirteen months before the date that appellant entered his plea. Rule 321, in addition to requiring that a petition to withdraw be filed imposed a ten day time limit for the filing of such a petition. Because of the effective date of the rule, the trial court said "that it was not necessary to advise defendant re petition to withdraw at that time." (Trial Court Opinion, at 5).

We need not decide whether either his counsel or the court *should* have advised him that a petition to withdraw must be filed because even if such a duty existed:

"[t]his cannot be prejudicial to the appellant where the same issues not only *could have been* considered on the merits in the collateral PCHA hearing ( . . . but in fact *were* considered on the merits in the PCHA hearing . . . . " *Commonwealth v. Unger,* 494 Pa. 592, 598, 432 A.2d 146, 149 (1981) (citations omitted) (emphasis in original).

"In this instance, the court has the benefit of the lower court's view on the issues presented [in his PCHA petition], and also a full record on which to base a decision on [the] merits; therefore, to still require the remanding for the 'filing of the withdrawal petition would be a futile waste of judicial energy." *Commonwealth v. Arndt*, 269 Pa.Super. 578, 581, 410 A.2d 852, 854 (1979) (footnote omitted).[6]

Order affirmed.

JOHNSON, J., concurs in the result.

---

**6.** In an amended PCHA petition, appellant also attacked his guilty plea on the following grounds: (1) the colloquy was defective; (2) appellant did not understand the elements of the burglary and possession with intent to deliver a controlled substance charges; and (3) the court below failed to establish a factual basis for the crimes charged. However, those grounds are not raised in this appeal.