899 A.2d 1060

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Rasheed La–Qun WILLIAMS, Appellant.**

Supreme Court of Pennsylvania.

Argued Dec. 4, 2002.

Decided June 19, 2006.

306

Elizabeth Aycock Hoffman, Esq., for Rasheed La–Qun Williams.

John Packel, Esq., Ellen T. Greenlee, Esq., Peter Rosalsky, Esq., Philadelphia, for amicus curiae Defender Association of Philadelphia.

Edward Michael Marsico, Esq., James Patrick Barker, Esq., Diana Woodside, Esq., Harrisburg, for Commonwealth of Pennsylvania.

BEFORE: CAPPY, C.J., and CASTILLE, NIGRO, NEWMAN, SAYLOR and EAKIN, JJ.

## *OPINION*

Justice EAKIN.

On December 20, 1995, appellant entered the apartment of the victim, a friend of his girlfriend. Appellant strapped the victim to the bed, twice raped her, and forced his penis into her mouth. Appellant raped the victim a third time and placed her in a bathtub of cold water. He tied her to the bed again while he wiped his fingerprints from various areas of the apartment. Appellant returned to the bedroom and raped the victim a fourth time.

Appellant then placed his gun to the victim's head and pulled the trigger several times; mercifully, the gun would not fire. Frustrated, appellant slashed the victim's neck three times. She feigned death until she heard appellant leave, then freed herself and ran down the street, still bleeding. She obtained help from a bystander, and identified appellant as her attacker. The victim later repeated this identification to the police and remained steadfast in her identification of appellant throughout the trial.

At trial, the Commonwealth presented the above facts, including testimony from the victim and the bystander. Investigating officers and forensic specialists testified about their investigation, as well as to the evidence from the victim's person and her apartment. No fingerprints were recovered, no other physical evidence directly implicated appellant, and appellant testified that on the morning of the attack he was in another area looking for work shoveling snow. His former

girlfriend placed him at a different location 15 minutes after the attack. Appellant also offered evidence that the victim had previously been threatened with a razor by her boyfriend, but refused to report the incident.

The jury convicted appellant of rape, involuntary deviate sexual intercourse, criminal attempt homicide, indecent assault, and unlawful restraint. Appellant was sentenced to an aggregate 35 to 85 years imprisonment. The Superior Court affirmed the judgment of sentence, *Commonwealth v. Williams,* No. 596 HBG 1997, unpublished memorandum (Pa.Super. filed May 21, 1998), and this Court denied review. *Commonwealth v. Williams,* No. 488 M.D. Alloc. Dkt.1998 (Pa. filed December 1, 1998).

On March 5, 1999, appellant filed a *pro se* petition, amended by counsel, pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546, alleging trial counsel's ineffectiveness [1] for failing to request DNA testing to show appellant's blood did not match the semen specimens from the vaginal swab, the victim's clothing, and the victim's bedding.

On July 10, 2002, the PCRA was amended to allow requests for post-conviction forensic DNA testing:

> An individual convicted of a criminal offense in a court of this Commonwealth and serving a term of imprisonment . . . may apply by making a written motion to the sentencing court for the performance of forensic DNA testing on specific evidence that is related to the investigation or prosecution that resulted in the judgment of conviction.

42 Pa.C.S § 9543.1(a)(1). To obtain post-conviction DNA testing, an applicant must prove:

**1.** Appellant did not plead appellate counsel's ineffectiveness in his PCRA petition, because trial and appellate counsel were same person. *See Commonwealth v. Frankhouser,* 491 Pa. 171, 420 A.2d 396, 398 (1980) (no need to layer ineffectiveness claims when trial and appellate counsel were same). Although appellant was not required to layer his ineffectiveness claim in these circumstances, he was required to plead and prove trial counsel's ineffectiveness was neither previously litigated nor waived. *See* 42 Pa.C.S. § 9543(a)(3). However, whether appellant was required to plead trial and appellate counsel were the same person in order to negate waiver is not before this Court.

> If the evidence was discovered prior to the applicant's conviction, the evidence shall not have been subject to the DNA testing requested because the technology for testing was not in existence at the time of the trial or the applicant's counsel did not seek testing at the time of the trial in a case where a verdict was rendered on or before January 1, 1995, or the applicant's counsel sought funds from the court to pay for the testing because his client was indigent and the court refused the request despite the client's indigency.

*Id.,* § 9543.1(a)(2). The Commonwealth contends appellant's ineffectiveness claim is moot because he can obtain relief under § 9543.1(a)(1). The Commonwealth maintains that if appellant files such an application and the evidence is available for testing, the Commonwealth will not oppose it. Appellant, however, does not meet the requirements of § 9543.1(a)(2): the technology existed at the time of his trial, the verdict was rendered after January 1, 1995, and the court never refused funds for the testing.

The PCRA court dismissed the petition without a hearing, finding "[t]here was no evidentiary merit to conducting a costly DNA test in order to further prove the identity of [appellant] as [the] attacker." PCRA Court Opinion, 7/21/99, at 4. Affirming in a memorandum decision, the Superior Court noted that while certain cases may warrant a new trial because of the failure to obtain DNA evidence, it is because DNA involves challenging the issue of identification. *See, e.g., Commonwealth v. Robinson,* 452 Pa.Super. 606, 682 A.2d 831 (1996) (victim's identification based on acquaintance with accused does not, by itself, preclude DNA testing in post-conviction process); *Commonwealth v. Reese,* 444 Pa.Super. 38, 663 A.2d 206 (1995) (DNA testing in case decided solely on identification testimony of victim, challenged by defense). The Superior Court reasoned the victim's identification of appellant was both credible and unchallenged, thus rendering the above cases distinguishable. *Commonwealth v. Williams,* No. 1511 MDA 1999, unpublished memorandum at 3 (Pa.Super. filed December 26, 2000).

■ We cannot agree with this analysis; appellant presented an alibi defense, which by its nature challenges identification. Evidence appellant was not present at the scene of the crime inherently signifies the identification of him as present at the scene must be wrong, whether he attacks the victim's testimony directly or not. The jury's acceptance of credible evidence contrary to his alibi does not mean he did not challenge the identification. His ineffectiveness claim must be addressed on its merits.[2]

■ To prove counsel's ineffectiveness, appellant must demonstrate: (1) the underlying claim is of arguable merit; (2) counsel's performance lacked a reasonable basis; and (3) the ineffectiveness of counsel caused him prejudice. *Commonwealth v. Pierce*, 567 Pa. 186, 786 A.2d 203, 213 (2001). Failure to address any prong of the test will defeat an ineffectiveness claim. *Commonwealth v. Basemore*, 560 Pa. 258, 744 A.2d 717, 738 n. 23 (2000).

■ In determining whether counsel's performance lacked a reasonable basis, "a court will not find counsel to be ineffective if the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interest." *Commonwealth v. Rivera*, 565 Pa. 289, 773 A.2d 131, 140 (2001), *cert. denied*, 535 U.S. 955, 122 S.Ct. 1360, 152 L.Ed.2d 355 (2002). If counsel's chosen course had some reasonable basis, the inquiry ends and counsel's assistance is deemed effective. *Commonwealth v. Rizzuto*, 566 Pa. 40, 777 A.2d 1069, 1083 (2001).

Appellant asserts his claim is meritorious in light of the Superior Court's decision in *Commonwealth v. Brison*, 421 Pa.Super. 442, 618 A.2d 420 (1992).[3] *See* Appellant's Brief, at

**2.** Appellant asserted for the first time at oral argument that a colloquy should be required before a defendant can knowingly and intelligently waive DNA testing, but neither raises nor addresses this in his brief. Therefore, we will not address this suggestion.

**3.** In *Brison*, the appellant challenged on direct appeal his conviction of rape and related charges, claiming he was denied a fair trial by the Commonwealth's failure to comply with his request for DNA testing. The court noted the wide acceptance and admissibility of DNA test

10. The Superior Court, in determining whether the appellant should be granted an evidentiary hearing or leave to go forward with a DNA test, looked to whether the conviction was based largely on identification, and whether advanced technology could establish innocence. *Id.,* at 425. Although *Brison* was a direct appeal, decided years before the PCRA amendments on post-conviction DNA testing, its focus on whether identification of the defendant was a key issue at trial is instructive.

■ As noted above, identification was at issue at trial; therefore, counsel's failure to pursue evidence which may have challenged the victim's identification of appellant presents an issue of arguable merit. Thus, the first prong of the ineffectiveness test has been met, and we turn to the reasonable basis inquiry.

■ A chosen strategy will not be found to have lacked a reasonable basis unless it is proven "that an alternative not chosen offered a potential for success substantially greater than the course actually pursued." *Commonwealth v. Howard,* 553 Pa. 266, 719 A.2d 233, 237 (1998). Appellant claims trial counsel lacked a reasonable basis for failing to request DNA testing in light of his alibi defense. This contention ignores the dilemma that the two-edged sword of definitive testing poses for trial counsel.

It is easy to say that failing to pursue exculpatory evidence is ineffectiveness, but this presumes the evidence will indeed be exculpatory. If counsel were sure the accused's DNA would not be revealed in any relevant samples from the victim or scene, certainly testing would give exculpatory results and should be sought. However, the client's mere claim of innocence or alibi does not always settle the question; effectiveness of counsel is not dependent on accepting the candor of the client. Testing that shows the DNA matches suddenly makes a conviction—one that might have been avoided or less than certain—a sure thing.

results and the ability of the test to accurately inculpate or exclude the appellant as the perpetrator. *Id.,* at 423–25.

■ That is, subjecting a client to DNA testing is very likely to settle whether there will be a conviction or not. It can demolish the prosecution's case, but it can cast it in concrete as well. It can eliminate the potential of a "not guilty" verdict based on an alibi, or on reasonable doubt, and the less compelling the Commonwealth's case, the less compelling is the desire for pre-trial DNA testing. Not seeking testing that has the potential to convict a client may be a very reasonable strategy; strategy is not measured through hindsight against alternatives not pursued, so long as trial counsel had a reasonable basis for the decision made. *See id.*

Appellant did not claim any affirmative defense (*e.g.*, consent), and there is no record of more than one semen donor; appellant argues the absence of these factors and his self-proclaimed innocence show trial counsel did not have a reasonable basis for not seeking DNA testing. However, counsel knew the victim immediately and repeatedly identified appellant as her attacker. The victim had known appellant eight or nine months prior to the incident, seeing him nearly every day during that period. The possibility she was correct in her identification was significant, yet the absence of physical corroboration gave the defense the chance for a not guilty verdict. Was it ineffectiveness to forgo the risk of creating that corroboration?

■ Because this question cannot readily be answered from the record, remand for an evidentiary hearing is appropriate, and indeed necessary, in order to address the reasonable basis prong. *See, e.g.,Commonwealth v. McGill,* 574 Pa. 574, 832 A.2d 1014, 1022–23 (2003) (though in context of layered ineffectiveness claim, this Court explained that only where record clearly establishes action or omission of trial counsel was without reasonable basis should PCRA court resolve reasonable basis prong of ineffectiveness test without remand for evidentiary hearing regarding trial counsel's strategy); *Commonwealth v.(Roy) Williams,* 557 Pa. 207, 732 A.2d 1167, 1189–90 (1999). At this point, neither the nature of appellant's alleged request for DNA testing nor counsel's response to that request have been explored. Generally,

where a defendant requests pre-trial DNA testing, counsel should advise him such test has the potential to strongly inculpate, not just exonerate. If the defendant still wishes to have the test, counsel should accede to this demand. Here, it is unclear why counsel did not comply with appellant's request, if in fact such was made. Therefore, remand is necessary to determine whether counsel had a reasonable basis for not seeking DNA testing.

Furthermore, the prejudice inquiry of the ineffectiveness test presents problems in this situation. Notwithstanding appellant's assertion regarding the merit of his claim, appellant admits he is unable to prove prejudice without the results of the DNA test. *See* Appellant's Brief, at 10, 21. Thus, a conundrum exists: appellant cannot prove prejudice without the test, and without showing prejudice he cannot get the test.[4] By first requiring appellant to establish counsel lacked a reasonable basis for not pursuing DNA testing, the prejudice prong is capable of being resolved. If appellant demonstrates counsel lacked a reasonable strategy, DNA testing can then be conducted; the results would allow the PCRA court to address the prejudice prong comprehensively.[5]

**4.** The Defender Association of Philadelphia, as *amicus curiae*, asserts appellant is entitled to post-conviction DNA testing to establish prejudice because only if the test is performed, with exculpatory results, can prejudice be established. *Amicus* argues appellant is entitled to a "freestanding" request for post-conviction DNA testing. *See* Amicus' Brief, at 42. Appellant is not entitled to a "free-standing" post-conviction DNA test because he was not convicted of a crime prior to the existence of, or general availability of, DNA testing. In addition, this Court need not reach the issue of "free-standing" DNA requests because appellant's post-conviction DNA request was not "free-standing"; appellant's request was based on an ineffective assistance of counsel claim.

Furthermore, the statute limits post-trial testing for very salient reasons: If post-trial testing were routinely available, few would seek pre-trial testing; it would behoove counsel to go to trial without testing, then seek DNA testing if convicted, there being nothing but an up-side to a convicted client. DNA testing that is available cannot become after-discovered evidence, and cannot be treated as a second chance lottery ticket. Creating a rule that encourages such gamesmanship is not appropriate.

**5.** Appellant also argues trial counsel's failure to obtain DNA testing violated his confrontation and discovery rights under Article 1, § 9 of

Accordingly, the order of the PCRA court is reversed, and the case is remanded to the PCRA court for an evidentiary hearing to determine whether trial counsel had a reasonable basis for not seeking DNA testing.

Order reversed; case remanded. Jurisdiction relinquished.

Chief Justice CAPPY and Justice CASTILLE join this opinion.

Former Chief Justice ZAPPALA did not participate in the consideration or decision of this case.

Former Justice NIGRO did not participate in the decision of this matter.

Justice NEWMAN files a concurring opinion.

Justice SAYLOR files a concurring opinion.

Justice NEWMAN, concurring.

I agree with the majority that a remand is necessary to ascertain whether counsel had a reasonable basis for not seeking DNA testing. However, I write separately to set forth a different paradigm for resolving the claim raised by Appellant.

The three-prong test for determining whether counsel rendered ineffective assistance is well settled. To establish a claim of ineffective assistance of counsel, Appellant must prove that: (1) the underlying claim (entitlement to DNA testing) has arguable merit; (2) there was no reasonable basis for the inaction of his trial counsel; and (3) he suffered prejudice as a result, which means that there is a reasonable probability that the outcome of the proceedings would have been different had counsel acted in the manner Appellant alleges he should have. *Commonwealth v. Paddy*, 569 Pa. 47, 800 A.2d 294, 306 (2002).

the Pennsylvania Constitution. Appellant did not raise these issues in his PCRA petition, so they are waived. *Commonwealth v. Wallace*, 555 Pa. 397, 724 A.2d 916, 921 n. 5 (1999) (issues not raised in PCRA petition cannot be considered for first time on appeal); *see also* 42 Pa.C.S. § 9544(b).

*Commonwealth v. Brison,* 421 Pa.Super. 442, 618 A.2d 420 (1992) and *Commonwealth v. Reese,* 444 Pa.Super. 38, 663 A.2d 206 (1995), stand for the proposition that a post-conviction claim of entitlement to DNA testing has arguable merit where all of the following four elements are established: (1) the petitioner sought DNA testing at the time of trial, which counsel did not forward to the court; (2) the conviction relies on the victim's identification of the petitioner as the perpetrator; (3) the petitioner challenges that identification; and (4) the DNA testing would have the possibility of exonerating the petitioner. In the instant matter: (1) Appellant has alleged that he sought DNA testing, which counsel refused; (2) the only direct evidence linking him with the crime was the testimony of the victim; (3) Appellant testified at trial that he was not the perpetrator and was not involved in the crime in any way; and (4) Appellant presented evidence to support his defense theory that Robinson was Ames' assailant. Accordingly, I agree with the majority that Appellant has established that his claim of entitlement to DNA testing has arguable merit.

Appellant must next demonstrate that he has been prejudiced by counsel's failure to request DNA testing. Where the above pre-requisites are met, a post-conviction petitioner has demonstrated a reasonable probability that the outcome of the proceeding would have been different had counsel requested DNA testing. There is no way to determine whether the DNA test will exonerate the petitioner unless and until the test is performed. *C.f.Commonwealth v. Chamberlain,* 557 Pa. 34, 731 A.2d 593, 598 (1999) (in ruling that the trial court erred in denying a defense request for a continuance to conduct DNA testing, this Court noted that the defense could not affirmatively establish prejudicial error without the results of the testing, so prejudice was presumed where "[t]he defense reasonably argued that DNA testing might reveal that someone other than [the defendant] was at the scene and committed the murders"). Accordingly, I believe Appellant has presented sufficient facts to establish the prejudice prong. Therefore, unlike the majority, I do not believe that the PCRA

court must wait until the petitioner receives the DNA results to determine if the failure of counsel to seek DNA testing was prejudicial.

The analysis that I set forth today is consistent with this Court's requirement that all three prongs of the test for establishing ineffective assistance of counsel be met before relief is granted. *Commonwealth v. Malloy*, 579 Pa. 425, 856 A.2d 767 (2004), *Commonwealth v. Ogrod*, 576 Pa. 412, 839 A.2d 294 (2003), *Commonwealth v. Lambert*, 568 Pa. 346, 797 A.2d 232 (2001). I disagree with the approach favored by the majority because it permits the petitioner to obtain relief in the form of DNA testing after establishing only arguable merit and lack of reasonable basis.

However, as previously stated, I agree with the majority that a remand is necessary to determine whether counsel had a reasonable basis for failing to request DNA testing.

Justice SAYLOR, concurring.

I support the majority's decision to remand for an evidentiary hearing on Appellant's claim that his trial counsel rendered deficient stewardship by failing to secure DNA testing as Appellant avers that he requested. I respectfully disagree, however, with the majority's determination that the arguable merit of such claim is established on the present record, *see* Majority Opinion, *slip op.* at 6, since there has been no evidentiary hearing as of yet, and I believe that fact finding is implicated relative to the arguable-merit assessment, particularly in the context of Appellant's allegation that he asked trial counsel to secure DNA testing. I have previously expressed my position that the courts should more affirmatively and consistently distinguish between situations in which the appeal proceeds from the dismissal of a claim without an evidentiary hearing (in which case the relevant inquiry generally should be whether the factual averments and supporting materials, if believed, would establish a cause for relief, *see* Pa.R.Crim.P. 908(A)(2)), and actual merits review of a fully-developed post-conviction record.