J-S46027-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DONALD L. LAMEY | |
| Appellant | No. 30 MDA 2014 |

Appeal from the Order November 22, 2013
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0000842-1994

BEFORE:  SHOGAN, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                **FILED SEPTEMBER 11, 2014**

Donald L. Lamey appeals, *pro se*, from the order of the Court of Common Pleas of Centre County that denied his petition for post-conviction DNA testing.  After careful review, we affirm.

On direct appeal, this Court set forth the relevant underlying facts of this case as follows:

> On January 17, 1995, a jury found . . . Lamey . . . guilty of one hundred and ninety-five (195) separate criminal offenses, including sixty-two (62) counts of involuntary deviate sexual intercourse, forty-four (44) counts of statutory rape, forty (40) counts of aggravated indecent assault, forty (40) counts of indecent assault, one (1) count of endangering welfare of children, seven (7) counts of corruption of minors, and (1) count of incest.  These convictions stem from Lamey's numerous and varied sexual encounters with his daughter, B.L., and her minor friends.  On June 8, 1995, the Honorable Charles C. Brown, Jr., sentenced Lamey to an aggregate of thirty-three and one-half (33 ½) to sixty-seven (67) years' imprisonment.

*Commonwealth v. Lamey*, 685 A.2d 1044 (Pa. Super. 1996) (unpublished memorandum).

At trial, the Commonwealth established that Lamey is listed as B.L.'s father on her birth certificate, that Lamey cared for the child since birth and that he was married to B.L.'s biological mother at the time of her birth. N.T. Trial, 1/16/95 at 24, 26; N.T. Trial 1/17/15 at 51-52. B.L., who was thirteen years old at the time of trial, testified that Lamey was not her biological father, although she believed he was at the time the offenses occurred. N.T. Trial, 1/16/15, at 26.

At the conclusion of the Commonwealth's case in chief, Lamey moved for judgment of acquittal on the one count of incest based on B.L.'s assertion that Lamey was not her biological father. *Id*. at 287. The court denied the motion, *id*. at 290, and on January 17, 1995, Lamey was convicted of incest and the other offenses cited above.

On July 16, 1997, Lamey filed a timely petition under the Post Conviction Relief Act (PCRA),[1] which the court denied on April 22, 2003. This Court affirmed the PCRA court's order. *Commonwealth v. Lamey*, 850 A.2d 10 (Pa. Super. 2004) (unpublished memorandum). The Pennsylvania Supreme Court denied Lamey's petition for allowance of appeal. *Commonwealth v. Lamey*, 858 A.2d 109 (Pa. 2004). In 2007,

_____

[1] 42 Pa.C.S. §§ 9541-9546.

Lamey filed a second PCRA petition, which the PCRA court dismissed on September 15, 2010. On appeal, we affirmed. *Commonwealth v. Lamey*, 32 A.3d 837 (Pa. Super. 2011) (unpublished memorandum).

On August 1, 2013, Lamey filed a motion under section 9543.1 of the PCRA,[2] seeking DNA testing of B.L. in order to establish that he is not her biological father. The PCRA court denied the motion on November 22, 2013, and this timely appeal followed.

Lamey raises the following issues for our review:

1. Whether the lower court erred in denying [Lamey's] motion for postconviction DNA testing.

2. Whether the lower court erred by stating [Lamey] has failed to meet the requirements of 42 Pa.C.S. § 9543.1(a), as the verdict was rendered after January 1, 1995.

3. Whether the lower court erred by not acknowledging that [Lamey] meets [the] above-state[d] section for DNA testing, which would prove he is not the biological father thus the charge of 18 [Pa.C.S.] § 4302 (incest) does not apply making [Lamey] innocent of said charge, and which he was prejudiced for, at this trial.

Appellant's Brief, at 7.

"When reviewing an order denying a motion for post-conviction DNA testing, this Court determines whether the movant satisfied the statutory requirements listed in section 9543.1" *Commonwealth v. Williams, B.*, 35 A.3d 44, 47 (Pa. Super. 2011) (citation omitted).

_____

[2] 42 Pa.C.S. § 9543.1 (Postconviction DNA testing).

Section 9543.1(a) of the PCRA provides, in relevant part:

**(a)  Motion-**

(1)  An individual convicted of a criminal offense in a court of this Commonwealth and serving a term of imprisonment . . . may apply by making a written motion to the sentencing court for the performance of forensic DNA testing of specific evidence that is related to the investigation or prosecution that resulted in the judgment of conviction.

(2)  The evidence may have been discovered either prior to or after the applicant's conviction.  The evidence shall be available for testing as of the date of the motion.  If the evidence was discovered prior to the applicant's conviction, the evidence shall not have been subject to the DNA testing requested because the technology for testing was not in existence at the time of the trial or the applicant's counsel did not seek testing at the time of a trial in a case where a verdict was rendered on or before January 1, 1995, or the applicant's counsel sought funds from the court to pay for the testing because his client was indigent and the court refused the request despite the client's indigency.

42 Pa.C.S. § 9543.1(a).

Lamey argues that he is entitled to compare his DNA to that of his victim, B.L., because it will establish that he is not B.L.'s biological father, and thus his "actual innocence of the offense of incest."  Appellant's Brief, at 11.  While an assertion of actual innocence is required under section 9543.1(c) ("In any motion under subsection (a) . . . the applicant shall . . . assert the applicant's actual innocence of the offense for which the applicant was convicted"), no relief can be granted where the threshold requirements of section 9543.1(a)(2) have not been met.  **Williams, B., supra** at 51

(appellant did not meet threshold elements of section 9543.1 because DNA technology existed at time of trial, verdict rendered after January 1, 1995, and trial court did not refuse request for funds to perform DNA testing; **Commonwealth v. Williams, R.**, 899 A.2d 1060 (Pa. 2006) (appellant could not establish threshold elements because DNA technology existed at time of trial, verdict was rendered after January 1, 1995, and trial court did not refuse request by appellant to provide funding for DNA testing).

As in **Williams, B.**, **supra** and **Williams, R.**, **supra**, testing is not available here because the technology for DNA testing existed at the time of Lamey's trial, trial occurred after January 1, 1995, and defense counsel never sought funding from the court to allow Lamey to seek DNA testing.

Because the trial court properly held that Lamey did not meet the threshold requirements of section 9543.1(2), he is not entitled to further review.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/11/2014

- 5 -