DLD-072                                                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3167
_____

DANIEL LUKE SPUCK,
                                             Appellant

v.

COMMONWEALTH OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3-11-cv-00125)
District Judge:  Kim R. Gibson

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
or Issuance of a Certificate of Appealability Pursuant to 28 U.S.C. § 2253(c)(1)
December 22, 2011

Before:  AMBRO, JORDAN and VANASKIE, Circuit Judges

(Opinion filed January 4, 2012)
_____

OPINION
_____

PER CURIAM

     Daniel Luke Spuck ("Spuck") is a Pennsylvania state prisoner.  He is serving a

sentence of eleven to twenty-two years, which term was imposed in 1996 after a jury

found him guilty of both third degree murder in the stabbing death of Michael Cramer,

and recklessly endangering another person in the stabbing of his wife, Cindy Spuck. Cramer was Cindy Spuck's former husband. Spuck's conviction and sentence were upheld on direct appeal, and his numerous applications for postconviction relief have to date been unsuccessful.

In May 2011, Spuck initiated this civil rights action under 42 U.S.C. § 1983.[1] In his amended complaint, Spuck alleged that the Commonwealth of Pennsylvania ("the Commonwealth") has unlawfully prohibited him from "re-test[ing] the DNA and Blood Evidence to allow the plaintiff to prove his innocence." Spuck alleged that his "Innocence and Defense Theory is that Mr. Cramer and Mrs. Spuck were struggling and that Mrs. Spuck was raped by Mr. Cramer earlier that night or evening and it was Mrs. Spuck whom [sic] murdered Mr. Cramer, whom [sic] had a .23 alcohol level." Spuck claimed that the Commonwealth's denial of DNA testing demonstrates that it is "violating and continuing to violate the Plaintiff's . . . Fourteenth Amendment Right of Due Process."

The District Court dismissed Spuck's amended complaint for failure to state a claim upon which relief could be granted. The District Court reasoned as follows: "Like the first complaint, the amended complaint alleges error in the state court's denial of DNA testing, but not a denial of due process. This Court has no jurisdiction to correct

---

[1] Spuck's original complaint was incorrectly labeled on the District Court's docket as a petition for writ of habeas corpus.

2

mere errors of state law." Spuck appealed.[2]

Contrary to the reasoning of the District Court, in both his original and amended complaints Spuck explicitly tethered his factual allegations to a due process claim. Nevertheless, we will summarily affirm the judgment of the District Court because it correctly determined that Spuck failed to state a due process claim upon which relief could be granted.[3]

In Skinner v. Switzer, --- U.S. ---, 131 S. Ct. 1289 (2011), the Supreme Court of the United States held that a convicted state prisoner may request via § 1983 the DNA testing of crime-scene evidence. Id. at 1298.[4] The basis for such a request does not derive from any substantive due process right secured by the Constitution's Fourteenth Amendment. See id. at 1299 (citing Dist. Attorney's Office for Third Judicial Dist. v. Osborne, 557 U.S. 52, ---, 129 S. Ct. 2308, 2322 (2009)). Instead, the request must be premised on the violation of a prisoner's procedural due process rights. However, we have noted that "procedural due process does not *require* that a district attorney disclose all potentially exculpatory evidence for postconviction relief." Grier, 591 F.3d at 678 (emphasis in original). As made clear by Osborne and Skinner, a procedural due process

---

[2] We have jurisdiction under 28 U.S.C. § 1291. Our review is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

[3] Summary affirmance is proper when an appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam). We "may affirm the District Court's judgment on any basis supported by the record." Id.

[4] We held as much prior to Skinner in Grier v. Klem, 591 F.3d 672, 678 (3d Cir. 2010).

claim will only lie where a State's procedures for postconviction relief—and in particular those procedures in place for consideration of DNA-testing requests—are so flawed as to be "fundamentally unfair or constitutionally inadequate." Id. at 679; see also Skinner, 131 S. Ct. at 1293 (noting that Osborne "left slim room for the prisoner to show that the governing state law denies him procedural due process").

Liberally construing, and accepting as true, the allegations in Spuck's amended complaint, as we must, see Erickson v. Pardus, 551 U.S. 89, 94 (2007), it is clear that Spuck has failed to state a viable procedural due process claim based on the Commonwealth's alleged refusal to conduct DNA testing on evidence from the Cramer-Spuck crime scene. In particular, we discern no attempt by Spuck to explain how Pennsylvania's specific procedures for postconviction DNA testing[5] are inadequate as a matter of federal law.

Accordingly, we will summarily affirm the judgment of the District Court. Spuck's motions for appointment of counsel and for "amending of newly discovered evidence" are denied. Spuck's request for a certificate of appealability is denied as unnecessary.

---

[5] In July 2002, the Pennsylvania legislature amended the State's Post Conviction Relief Act (PCRA) to permit requests for postconviction DNA testing. See Com. v. Williams, 899 A.2d 1060, 1062-63 (Pa. 2006) (citing 42 Pa. Cons. Stat. Ann. § 9543.1). The allegations in Spuck's amended complaint shed no light on whether the PCRA court considered § 9543.1 in denying his most recent PCRA petition. Spuck merely alleges that "[t]he motion petition [sic] to test/ retest the blood and DNA evidence was denied . . . on April 20, 2011."

4