J-S13006-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TIMOTHY SMITH, | |
| Appellant | No. 198 WDA 2014 |

Appeal from the PCRA Order Entered December 30, 2013
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000083-2009

BEFORE:  BENDER, P.J.E., MUNDY, J., and STABILE, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED MARCH 31, 2015**

Appellant, Timothy Smith, appeals from the post-conviction court's December 30, 2013 order denying his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Appellant raises several claims involving the ineffective assistance of his trial counsel. After careful review, we affirm.

Appellant was arrested on January 5, 2009, and charged with various offenses after his step-daughter, C.P., alleged that he had sexually abused her beginning when she was eight years old and continuing until she was approximately thirteen years old.  Appellant proceeded to a jury trial on October 5 and 6, 2009, at the close of which the jury convicted him of 23 counts of aggravated indecent assault, 29 counts of indecent assault (person less than 13 years of age), and 26 counts of endangering the welfare of

children. The trial court subsequently sentenced Appellant to an aggregate term of 24 years, 8 months, and one day to 76 years' incarceration. Appellant was also determined to be a sexually violent predator for Megan's Law purposes. Appellant timely appealed from his judgment of sentence and, on September 13, 2011, we affirmed. **Commonwealth v. Smith**, 34 A.3d 225 (Pa. Super. 2011) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court.

On October 9, 2012, Appellant filed a timely, counseled PCRA petition alleging, *inter alia*, the ineffective assistance of his trial counsel, David S. Shrager, Esq. A PCRA hearing was conducted on May 23, 2013, at which Appellant and Attorney Shrager both testified. On December 30, 2013, the PCRA court issued an opinion and order denying Appellant's petition. Appellant filed a timely notice of appeal, as well as a timely Pa.R.A.P. 1925(b) statement.[1] Herein, Appellant raises the following issues for our review:

1.) Did [t]rial counsel render ineffective assistance?

   a.) Was [t]rial counsel inadequately prepared for trial?

   b.) Did [t]rial counsel fail to adequately prepare the defense witnesses for trial?

---

[1] The trial court ordered Appellant to file a Rule 1925(b) statement on February 4, 2014. Appellant did not comply with that order until June 30, 2014. However, at the same time that Appellant filed his untimely Rule 1925(b) statement, he filed a "Petition to Accept 1925(b) Statement *Nunc Pro Tunc*," which the trial court granted. The court issued a Rule 1925(a) opinion on July 7, 2014.

c.) Did [t]rial counsel render ineffective assistance by failing to adequately communicate with Appellant before trial or adequately prepare him for trial?

[d].) Did [t]rial counsel fail to challenge C.P.'s competency and reliability?

Appellant's Brief at 5.

We begin by noting that "[t]his Court's standard of review from the grant or denial of post-conviction relief is limited to examining whether the lower court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Morales**, 701 A.2d 516, 520 (Pa. 1997) (citing **Commonwealth v. Travaglia**, 661 A.2d 352, 356 n.4 (Pa. 1995)). Where, as here, a petitioner claims that he received ineffective assistance of counsel, our Supreme Court has stated that:

[A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner. To obtain relief, a petitioner must demonstrate that counsel's performance was deficient and that the deficiency prejudiced the petitioner. A petitioner establishes prejudice when he demonstrates "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." … [A] properly pled claim of ineffectiveness posits that: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission.

*Commonwealth v. Johnson*, 966 A.2d 523, 532-33 (Pa. 2009) (citations omitted).

Appellant's above-stated ineffectiveness claims are interrelated and, therefore, we will address them together. Appellant devotes the majority of his argument to attacking Attorney Shrager's failure to delve into C.P.'s mental health history during trial. Specifically, Appellant claims that C.P. suffers from bipolar disorder, a symptom of which is having "issues accurately perceiving events (hallucinations, delusions, etc.)." Appellant's Brief at 13. Appellant contends that Attorney Shrager "failed to take proper measures to use the medical diagnosis and witness testimony to undermine C.P.'s credibility by instructing the jury about the features of C.P.'s bipolar disorder."[2] *Id.* at 15. While Appellant concedes that Attorney Shrager "did

_____

[2] Appellant also briefly contends that "[t]rial counsel did not attempt to raise the issue of whether C.P.'s mental illness interfered with her ability to testify competently." Appellant's Brief at 13. Appellant did not raise this specific claim in his PCRA petition. Instead, he stated in his petition that "[a]lthough trial counsel was aware of C.P.'s *propensity for lying and fabricated medical conditions*, he did not attempt to challenge her competency and reliability on those grounds." PCRA Petition, 10/9/12, at 4 (unnumbered; emphasis added). Appellant did not assert that Attorney Shrager was ineffective for failing to challenge C.P.'s competency *based on her diagnosis of bipolar disorder*. Accordingly, the PCRA court did not address this claim, and we conclude that it is waived. *See Commonwealth v. Washington*, 927 A.2d 586, 601 (Pa. 2007) ("Any claim not raised in the PCRA petition is waived and not cognizable on appeal.") (citing Pa.R.A.P. 302 (stating "issues not raised in the lower court are waived and cannot be raised for the first time on appeal")). In any event, even if Appellant's petition did preserve the assertion that Attorney Shrager should have challenged C.P.'s competency to testify based on her mental illness, Appellant's three-sentence argument
*(Footnote Continued Next Page)*

- 4 -

raise the issue of C.P.'s mental illness[,]" he complains that Attorney Shrager "did not give a full or vigorous presentation of that issue." *Id.* at 15-16. Namely, counsel did not inform the jury "that an individual with bipolar disorder may have delusions and hallucinations." *Id.* at 16. Accordingly, Appellant claims that Attorney Shrager acted ineffectively regarding his handling of the evidence of C.P.'s mental illness.

In rejecting this ineffectiveness claim, the PCRA court concluded that Attorney Shrager had a reasonable basis for not presenting significant evidence regarding C.P.'s bipolar disorder. The court explained:

> Attorney Shrager recognized that the outcome of the trial depended on witness credibility. He thus understood that discrediting the victim was imperative. He also knew from experience, however, that juries did not respond well to attorneys they perceived as bullying [the victim], to piecemeal attacks on a child victim's proposed timeline, or to multiple-choice defenses. He thus deemed it prudent to advance one consistent theory to explain C.P.'s motivation for raising these allegations, and in his mind, the most persuasive theory was that she was jealous and determined to do whatever it took to recapture the life she had before [Appellant] became part of it [when he married C.P.'s mother]. [Attorney Shrager] knew that if he could win the jury over to that theory, the result would be a complete acquittal, not just a few "not guilty" checks on an 80-count verdict slip. Accordingly, he utilized the evidence he thought would best accomplish that goal without exposing his client to further embarrassment. That necessarily entailed discarding or minimalizing other exculpatory information either

_____
*(Footnote Continued)*

in support thereof is not sufficiently developed to prove this ineffectiveness claim. *See* Appellant's Brief at 13; *Commonwealth v. Wharton*, 811 A.2d 978, 986 (Pa. 2002) ("Claims of ineffective assistance of counsel are not self-proving; thus, appellant's undeveloped arguments respecting counsel are insufficient to prove an entitlement to relief.") (citations omitted).

- 5 -

because it could actually hurt his client or because it was more peripheral to, or in some instances at odds with, his defense theory.

…

[Attorney] Shrager … knew of C.P.'s psychological issues and that she had once been diagnosed as [bipolar], and as the trial transcripts demonstrate, he in fact utilized that information, albeit minimally, in attempting to discredit her. He did so because he wanted merely to suggest to the jury that her mood disorder contributed to her decision to lie about the molestation, and he accomplished that goal. He did not want to explore her psychological history too deeply, however, as he was well aware that the documented onset of her symptoms coincided with when the alleged abuse had begun and [he] did not want to risk exposing that connection.

The [c]ourt would note, moreover, that it was [Attorney] Shrager's conscious objective to maintain a consistent theme and defense theory, not to advance what he described as an "a, b, c, and d" defense. His working theory had nothing to do with a diseased brain conjuring up false scenarios accepted as true; it instead proffered a victim who, motivated by jealousy, deliberately lied to get his client out of her life. He thus elected only to briefly refer to other possible sources of C.P.'s allegations.[2] The notion that [Attorney] Shrager should have hired experts and explored whether any psychotic or hallucinogen[ic] features of [bipolar] disorder could have caused C.P. to imagine the events about which she testified runs contrary to that strategy.

> [2] An experienced trial attorney, [Attorney] Shrager knew that jurors sometimes attached significance to seemingly insignificant information. It thus behooved him to mention C.P.'s psychological issues, even if he did not wish to focus on them.

PCRA Court Opinion (PCO), 12/30/13, at 2-3, 6.

Appellant does not dispute the court's factual findings regarding Attorney Shrager's trial strategy and his reasons for not presenting significant evidence of C.P.'s bipolar diagnosis. Instead, Appellant attacks

- 6 -

the PCRA court's legal determination that Attorney Shrager acted reasonably. As our Supreme Court has elucidated:

> With regard to the reasonable basis prong, "we do not question whether there were other more logical courses of action which counsel could have pursued; rather, we must examine whether counsel's decisions had any reasonable basis." **Commonwealth v. Washington**, 592 Pa. 698, 927 A.2d 586, 594 (2007). We will conclude that counsel's chosen strategy lacked a reasonable basis only if Appellant proves that "an alternative not chosen offered a potential for success substantially greater than the course actually pursued." **Commonwealth v. Williams**, 587 Pa. 304, 899 A.2d 1060, 1064 (2006) (citation omitted).

**Commonwealth v. Hanible**, 30 A.3d 426, 439 (Pa. 2011).

Here, at trial, C.P. testified to 16 separate incidents of abuse by Appellant. **See Commonwealth v. Smith**, No. 1395 WDA 2010, unpublished memorandum at 2 (Pa. Super. filed September 13, 2011). To refute C.P.'s claims, Attorney Shrager's strategy was to choose *one* central defense theory, and only briefly refer to other reasons that C.P. may have wrongly accused Appellant, such as her bipolar disorder. The primary theory chosen by counsel was that C.P. fabricated her allegations because she was jealous of the relationship that her mother had developed with Appellant. Appellant agreed to proceed with that defense theory at the time of his trial. N.T. PCRA Hearing, 5/23/13, at 107. While Appellant now claims that Attorney Shrager should have focused on a theory that C.P. hallucinated or imagined each of the 16 incidents of abuse, Appellant has not convinced us that such a defense would have "offered a potential for success substantially greater than the course actually pursued." **Hanible**, 30 A.3d at 439

- 7 -

(citation omitted). Therefore, we agree with the PCRA court that Attorney Shrager acted reasonably in his handling of the evidence of C.P.'s bipolar disorder.

Appellant next claims that Attorney Shrager acted ineffectively because "he was unfamiliar with discovery materials" and "did not point out discrepancies between C.P.'s preliminary hearing testimony and her trial testimony." Appellant's Brief at 17. In his four-sentence argument in support of these allegations, Appellant does not elaborate on what discovery materials Attorney Shrager failed to sufficiently review, or how that ostensible failure caused Appellant prejudice at trial. He also does not specify any inconsistencies between C.P.'s preliminary hearing testimony and trial testimony that Attorney Shrager should have used to impeach her credibility. Accordingly, Appellant has failed to meet his burden of proving Attorney Shrager acted ineffectively in either of these regards.

Appellant also contends that Attorney Shrager did not adequately prepare him to take the stand at trial, which resulted in "an unfavorable display for the jury." Appellant's Brief at 20. Specifically, Appellant avers that Attorney Shrager "did not prepare Appellant by reviewing questions he was going to ask Appellant on the stand. Trial [c]ounsel also did not prepare Appellant for the questions the Commonwealth's attorney would ask." *Id.* at 21. Appellant maintains that "there is no reasonable strategy that would explain or justify failing to prepare a witness to confront a trained litigator" such as a prosecutor for the Commonwealth. *Id.*

Contrary to Appellant's contentions, the PCRA court found that Attorney Shrager "spent a considerable amount of time preparing [Appellant] for what would occur at trial[,]" and that "[a] significant part of that was [spent] preparing [Appellant] to testify." PCO at 3. The court further explained:

Understanding the potential pitfalls of taking the stand, [Appellant] had decided early on that he wanted to tell the jury he did not sexually assault his step-daughter. Based on [Attorney Shrager's] experience trying similar cases and the facts as he understood them in this case, [counsel] encouraged and condoned [Appellant's] decision. He nonetheless made it clear that the decision was ultimately [Appellant's] and conscientiously prepared him not only for his direct testimony, but also for the questions and challenges he expected the district attorney to pose on cross[-examination].

As discovery continued and the case evolved, [Attorney] Shrager further prepared his client to answer the developing evidence. When the Commonwealth forwarded him records and documentation pertaining to alleged incidents that occurred while [Appellant] was employed at Rite Aid, for instance, [Attorney] Shrager did more than just file a motion to have it excluded; he also digested the information, which he deemed to be highly prejudicial and potentially damaging, and thoroughly prepared [Appellant] to respond to it in the event that his motion [to exclude it] was denied. In addition, [Attorney Shrager] did not allow his client to blindly take the witness stand after learning about the troublesome jail calls, but sat down with him to discuss their harmful potential and assess [Appellant's] explanation of them. Having done that, he decided that his client was prepared to answer any questions the district attorney had about them and, therefore, it was still in [Appellant's] best interests to testify.

*Id.* at 3.

Appellant does not dispute the PCRA court's factual findings regarding Attorney Shrager's actions in preparing him to take the stand. Appellant

- 9 -

also does not identify any specific question(s), asked of him at trial by either Attorney Shrager or the Commonwealth, for which he was unprepared, or point to any testimony that he provided at trial that was harmful to his case and caused by his ostensible unpreparedness. In light of Appellant's cursory argument, and the PCRA court's summation of Attorney Shrager's conduct in preparing Appellant to take the stand, we ascertain no error in the PCRA court's conclusion that Attorney Shrager adequately represented Appellant in this regard.

In sum, Appellant has failed to demonstrate that any of his claims satisfies all three prongs of the test for counsel's ineffectiveness. Accordingly, the PCRA court did not err in denying Appellant post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/31/2015