J-S33037-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RONELLE L. MARTIN | |
| Appellant | No. 2447 EDA 2014 |

Appeal from the PCRA Order August 18, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0012129-2009

BEFORE:  FORD ELLIOTT, P.J.E., DONOHUE, J., and LAZARUS, J.

MEMORANDUM BY LAZARUS, J.:                **FILED JULY 07, 2015**

Ronelle L. Martin appeals from the order entered in the Court of Common Pleas of Philadelphia County, dated August 18, 2014, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  Martin seeks relief from the judgment of sentence of five to fifteen years' imprisonment imposed on September 22, 2010, following his non-jury trial convictions for attempted rape,[2] attempted sexual assault,[3] indecent

_____

[1] 42 Pa.C.S. §§ 9541–9546.

[2] 18 Pa.C.S. §§ 901, 3121(a)(1).

[3] 18 Pa.C.S. §§ 901, 3124.1.

assault,[4] indecent exposure,[5] and simple assault[6] committed against a woman, V.H.,[7] in a park. After careful review, we affirm.

The PCRA court set forth the relevant facts of the matter as follows:

On the night of September 7, 2009, V.H. was working on word puzzles on a bench in a well-lit area of Boyle Park near 8th and York Streets in Philadelphia. At around midnight, while V.H. was looking at one of her puzzles, [Martin] suddenly grabbed her from behind, threw her on the ground, and started punching her in the face. V.H.'s head hit the ground and she looked up and saw [Martin] on top of her. After [Martin] took V.H.'s sweatpants off, she could feel his penis poking at her pubic hairs but did not know whether or not she was actually penetrated. V.H. screamed and yelled at [Martin] to get off of her.

While on foot patrol in the area, Philadelphia Police Officers Eric Lee and Veronica Cespedes entered Boyle Park and saw V.H. lying on the ground flat on her stomach and defendant on his knees behind V.H. [Martin's] pants were down and he was making thrusting motions causing the officers to believe they were having casual sex in the park. As the officers approached them, however, they heard V.H. moaning in pain and saw that her face was covered in blood. When Officer Lee announced himself as a police officer, [Martin] turned around, saw the officers, and took off running with his pants still down. Officer Cespedes attend to V.H. who was bloody, had a split lip, appeared disoriented, and said that she was being raped when the officers arrived. V.H.'s clothes were strewn all over the park. Officers chased [Martin] for about half a block until they caught up with him in a vacant lot and arrested him.

PCRA Court Opinion, 10/7/14, at 1-2 (citations and footnote omitted).

_____

[4] 18 Pa.C.S. §§ 3126(a)(1)-(2).

[5] 18 Pa.C.S. § 3127(a).

[6] 18 Pa.C.S. § 2701(a)(1).

[7] The victim is identified by her initials to protect her privacy.

On May 14, 2010, Martin appeared before the Honorable Glenn B. Bronson for a non-jury trial. After all of the evidence was presented, Judge Bronson convicted Martin of the aforementioned charges. On September 22, 2010, the court sentenced Martin to five to fifteen years' incarceration for attempted rape, and concurrent sentences of six months' to two years' incarceration for each of the indecent assault, indecent exposure, and simple assault charges. No post-sentence motions were filed. Martin appealed the judgment of sentence, which was affirmed by this Court on September 23, 2011. *Commonwealth v. Martin*, 34 A.3d 235 (Pa. Super. 2011) (unpublished memorandum). Defendant did not seek allowance of appeal.

Thereafter, on June 18, 2012, Martin filed a *pro se* PCRA petition. The court appointed counsel to represent Martin, and on January 21, 2014, Martin filed an amended PCRA petition with counsel's assistance. On June 30, 2014, the court issued a notice of intent to dismiss the PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. The court dismissed the petition on August 18, 2014. Martin filed a timely notice of appeal and court-ordered concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b).

On appeal, Martin asserts that the PCRA court erred in denying the claims raised in the PCRA petition without an evidentiary hearing. The PCRA claims raised include ineffective assistance of counsel claims based on the following: 1) failure to file a post-trial motion asserting that the verdicts

were against the weight of the evidence; and 2) failure to file a post-sentence motion for reconsideration of Martin's sentence.

Our standard and scope of review for the denial of a PCRA petition is well-settled. We review the PCRA court's findings of fact to determine whether they are supported by the record, and review its conclusions of law to determine whether they are free from legal error. ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014). The scope of our review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. ***Id.*** Where no genuine issues of material fact exist and the defendant is not entitled to relief, the court may dismiss a PCRA petition without conducting an evidentiary hearing. ***Commonwealth v. Marshall***, 812 A.2d 539, 545 (Pa. 2002).

Both of Miller's PCRA claims assert ineffectiveness of counsel. To establish counsel's ineffectiveness, a petitioner must demonstrate: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for the course of action or inaction chosen; and (3) counsel's action or inaction prejudiced the petitioner. ***See Commonwealth v. Burno***, 94 A.3d 956, 964 n.5 (Pa. 2014); ***Strickland v. Washington***, 466 U.S. 668 (1984).

> A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim. The burden of proving ineffectiveness rests with Appellant. To sustain a claim of ineffectiveness, Appellant must prove that the strategy employed by trial counsel was so unreasonable that no competent lawyer would have chosen that course of conduct. Trial counsel will not be deemed ineffective for failing to pursue a meritless claim.

*Commonwealth v. Rega*, 933 A.2d 997, 1019 (Pa. 2007). Moreover, trial counsel's "chosen strategy will not be found to have lacked a reasonable basis unless it is proven that an alternative not chosen offered a potential for success substantially greater than the course actually pursued." *Commonwealth v. Williams*, 899 A.2d 1060, 1064 (Pa. 2006) (citation omitted).

Martin first asserts that he was prejudiced by trial counsel's failure to file a post-trial motion seeking to overturn his verdicts as against the weight of the evidence. A motion seeking to overturn a verdict as against the weight of the evidence must demonstrate that the verdict is "so contrary to the evidence as to shock one's sense of justice and make the award of a new trial imperative." *Commonwealth v. Rossetti*, 863 A.2d 1185, 1191 (Pa. Super. 2004) (citation omitted). An appellate court will not reverse the credibility determinations of a trial court without an abuse of discretion, and the trier of fact is free to believe all, part, or none of the evidence presented. *Commonwealth v. Hughes*, 908 A.2d 924, 928 (Pa. Super. 2006). Additionally, a mere conflict in the testimony or possibility that the factfinder could have come to a different conclusion does not entitle the defendant to a new trial. *Commonwealth v. Widmer*, 744 A.2d 745, 752 (Pa. 2000).

Martin alleges that the Commonwealth's evidence presented at trial was inconsistent and contradictory for the following reasons: V.H. testified that the park was well-lit, but police officers testified the lights were not on in the park; V.H. stated that she had been robbed and money was taken

from her, but no evidence of robbery was presented and no money was recovered from Martin; V.H. stated she was not prostituting when this was not an issue in the case; and V.H. testified that her clothes were ripped off, but there were no tears in her clothes. Brief for Appellant, at 16.

Notwithstanding the alleged inconsistencies noted above, the trial judge, sitting as fact-finder, found the Commonwealth's witnesses to be credible. V.H. testified that Martin grabbed her from behind, threw her on the ground, took her clothes off, and tried to engage in sexual intercourse with her. Martin punched her in the face multiple times to subdue her. This testimony was corroborated by Police Officers Lee and Cespedes, who observed Martin on top of V.H., with his pants down, making sexual thrusting motions. V.H. was flat on her stomach, moaning in pain, and had blood on her face. Martin fled when the officers approached but was apprehended a short distance away. These facts clearly support the conclusion that Martin attempted to rape V.H., and in no way are his resulting convictions shocking.

Moreover, the discrepancies Martin raises either are not actually contradictory or simply are not material to the outcome of the case. At most, the alleged inconsistencies are minor conflicts in the testimony that would not support the grant of a new trial. **Widmer**, **supra**. Furthermore, as there is absolutely no evidence of an abuse of discretion, the trial court's credibility determinations will not be disturbed. Had trial counsel filed a motion seeking to overturn the verdict as against the weight of the

evidence, it would have been meritless and would not have altered the outcome of the matter. Based on the foregoing, trial counsel had a reasonable basis for not filing such a motion and the PCRA court properly dismissed this ineffectiveness of counsel claim without holding an evidentiary hearing.

Martin's second ineffectiveness of counsel claim asserts that he was prejudiced based upon trial counsel's failure to file a post-sentence motion seeking reconsideration of his sentence. The determination of a sentence is within the sound discretion of the trial judge, and a sentence should not be disturbed where the court was aware of sentencing considerations and weighed the considerations meaningfully. *Commonwealth v. Begley*, 780 A.2d 605, 642 (Pa. 2001). A defendant is not entitled to appellate relief where a sentence is within the standard range of the sentencing guidelines unless "the case involves circumstances where the application of the guidelines would be clearly unreasonable." 42 Pa.C.S. §9781(c)(2). In the PCRA context, if the "court can determine from the record that the [defendant's] sentence was not excessive, or that adequate reasons were placed on the record for exceeding the sentencing guidelines, then there is no underlying merit to the ineffectiveness claim and the claim must fail." *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008).

Martin claims that the trial court did not take into account his "rehabilitative needs" and did not state the reasons for imposing a sentence that is "so high." Brief for Appellant, at 19. However, the trial court

imposed a sentence within the standard range of the sentencing guidelines, a fact which Martin admits. Martin incorrectly asserts that the trial court did not indicate its reasons for the length of the sentence. Rather, the trial court stated that aggravating factors included Martin's gratuitous use of violence and a particularly vulnerable victim. Additionally, the trial court took into account the evidence presented, a pre-sentence report, the nature and circumstances of the crime, Martin's background, and the relevant sentencing guidelines. The trial court therefore weighed the relevant factors and imposed a reasonable sentence within the guidelines.

Further, beyond making a general reference to "rehabilitative needs," Martin provides no details to indicate what sort of rehabilitative needs he has nor how they should be addressed. Ultimately, Martin fails to provide any material facts to support the claim that his sentence was excessive. As there is no underlying merit to this ineffectiveness claim and trial counsel therefore had a reasonable basis not to file a post-sentence motion, the trial court appropriately dismissed the claim without an evidentiary hearing.

The ruling of the PCRA court is supported by the record and is free of legal error. Therefore, we affirm the PCRA court's order issued August 18, 2014.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/7/2015