J. S10034/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :      IN THE SUPERIOR COURT OF
                                    :               PENNSYLVANIA
             v.                      :
                                      :
OSCAR LOZANO GARCIA,           :           No. 1229 MDA 2019
                                      :
            Appellant        :

Appeal from the PCRA Order Entered June 19, 2019,
in the Court of Common Pleas of Luzerne County
Criminal Division at No. CP-40-CR-0002621-2014

BEFORE: PANELLA, P.J., KUNSELMAN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED MAY 12, 2020**

Oscar Lozano Garcia appeals from the June 19, 2019 order denying his

petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A.

§§ 9541-9546. After careful review, we affirm.

The relevant facts and procedural history of this case, as summarized

by a prior panel of this court on direct appeal, are as follows:

> On September 22nd, 2014, the District Attorney of
> Luzerne County filed a criminal information charging
> [appellant] with one count of criminal homicide,
> pursuant to 18 Pa.C.S.[A.] § 2501(a), for the murder
> of Maria Brea, which occurred on December 14th,
> 2012. [Appellant] was a citizen of Mexico who was
> working and residing in Pennsylvania at the time of
> the crime. Prior to her murder, Brea and [appellant]
> lived together as boyfriend and girlfriend at [Brea's]
> apartment, located at 343 East Diamond Avenue,
> Apartment 2B, City of Hazleton. Brea and [appellant]
> also lived with Brea's two minor children[.]

After her family discovered that she was missing, Brea's family contacted the police. The Pennsylvania State Police executed a search warrant at Brea's residence on December 18th, 2012. During their search, Trooper John R. Corrigan and Corporal David Andreuzzi discovered a small storage room that had a small closet and a second door[,] which led to an attic area. The officers noticed the attic door was padlocked, and that duct tape had been placed along the left side and top of the door, and clear tape had been placed along the right side of the door. They also noticed that tissue paper was stuffed into the opening at the bottom of the attic door. Once they removed the barriers to accessing the attic, the officers observed a body wrapped in a plastic sheet laying supine on the old tar roof portion of the attic. Subsequently, a second search warrant was obtained to allow for a homicide investigation. The body was taken to Wilkes–Barre General Hospital, where an autopsy was performed and the body was identified as [] Brea. The cause of death was determined to be asphyxiation by strangulation, and the manner of death was ruled a homicide.

Immediately following the December 14[], 2012 murder of [] Brea, [appellant] fled from Pennsylvania to Mexico with an acquaintance, Juan Cervantes. [Appellant] was later arrested on the Commonwealth's Provisional Arrest Warrant, incarcerated based on that warrant, and permitted to challenge the extradition. The Mexican court granted the Commonwealth's request for extradition, and [appellant] was subsequently returned to Luzerne County, Pennsylvania by the United States Marshal Service. On September 23rd, 2014, [appellant] was arraigned, entered a plea of not guilty, and requested a jury trial.

Counsel for [appellant] submitted a motion to transcribe discovery to Spanish, requesting that the court enter an order stating that all discovery from the Commonwealth be transcribed to Spanish. The documents were transcribed to Spanish at the

> expense of the Public Defender's Office on behalf of its client.
>
> Trial in this matter was continued at least twice at the request of counsel for the defense. On June 27th, 2016, after an extensive colloquy by [the trial] court, translated into Spanish for [appellant] through two court interpreters, [appellant] knowingly, intelligently, and voluntarily waived his right to a jury trial and elected to be tried by [the trial court]. A bench trial in the above-captioned matter took place from June 27th, 2016 to June 30th, 2016. Following the full bench trial, on July 1st, 2016, [the trial] court found [appellant] guilty of murder in the first degree. Sentencing took place on August 5th, 2016[, at the conclusion of which appellant was sentenced to life imprisonment.]

*Commonwealth v. Garcia*, No. 1468 MDA 2016, unpublished memorandum at 1-3 (Pa.Super. filed October 11, 2017) (citation and extraneous capitalization omitted; some brackets in original), *appeal denied*, 183 A.3d 980 (Pa. 2018).

On October 11, 2017, a panel of this court affirmed appellant's judgment of sentence, and our supreme court denied appellant's petition for allowance of appeal on April 10, 2018. *Id.* On June 18, 2018, appellant filed a timely *pro se* PCRA petition, and Leonard Gryskewicz, Jr., Esq. ("PCRA counsel"), was appointed to represent him. PCRA counsel filed a supplemental PCRA petition on appellant's behalf on February 15, 2019. Following a hearing on

May 22, 2019, the PCRA court dismissed appellant's petition on June 19, 2019.

This timely appeal followed on July 18, 2019.[1]

Appellant raises the following issues for our review:

> 1. Whether the PCRA Court erred by holding that trial counsel[2] was not ineffective for failing to object to and/or move for a mistrial after the testimony of Wendy DeJesus regarding prior bad acts of appellant was admitted into evidence in violation of the [trial c]ourt's pretrial rulings?
>
> 2. Whether the PCRA Court erred by holding that trial counsel was not ineffective for failing to object to hearsay testimony of Aura Santiago that she heard the victim scream appellant's name three times in a row prior to being abruptly disconnected from her phone call with the victim on the day the victim was killed?

Appellant's brief at 4 (extraneous capitalization omitted).

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the

---

[1] On July 22, 2019, the PCRA court directed appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). Following an extension, appellant filed his timely Rule 1925(b) statement on August 27, 2019. On September 9, 2019, the PCRA court filed a "statement in lieu of an opinion" indicating that it was relying on the reasoning set forth in its prior opinion authored in support of its June 19, 2019 order denying appellant's PCRA petition.

[2] Appellant was represented during his bench trial by Mark A. Singer, Esq.

certified record." **Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa.Super. 2014) (citations omitted). In order to be eligible for PCRA relief, a defendant must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2). Further, these issues must be neither previously litigated nor waived. 42 Pa.C.S.A. § 9543(a)(3).

Here, both of appellant's arguments on appeal concern the purported ineffectiveness of trial counsel. To prevail on a claim of ineffective assistance of counsel under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). We apply a three-pronged test for determining whether trial counsel was ineffective, derived from the test articulated by the United States Supreme Court in **Strickland v. Washington**, 466 U.S. 668, 687 (1984), and as applied in **Commonwealth v. Pierce**, 527 A.2d 973 (Pa. 1987). **Commonwealth v. Simpson**, 66 A.3d 253, 260 (Pa. 2013).

> The **Pierce** test requires a PCRA petitioner to prove: (1) the underlying legal claim was of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) the petitioner was prejudiced — that is, but for counsel's deficient stewardship, there is a reasonable likelihood the outcome of the proceedings would have been different.

**Id.**, citing **Pierce**, 527 A.2d at 975.

This court has explained that a petitioner "must meet all three prongs of the test for ineffectiveness[.]" ***Commonwealth v. Charleston***, 94 A.3d 1012, 1020 (Pa.Super. 2014) (citation and internal quotation marks omitted), ***appeal denied***, 104 A.3d 523 (Pa. 2014). "[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." ***Commonwealth v. Ousley***, 21 A.3d 1238, 1244 (Pa.Super. 2011) (citation omitted), ***appeal denied***, 30 A.3d 487 (Pa. 2011). Additionally, we note that counsel cannot be found ineffective for failing to raise a claim that is devoid of merit. ***See Commonwealth v. Ligons***, 971 A.2d 1125, 1146 (Pa. 2009).

Appellant first contends that trial counsel was ineffective for not objecting to or requesting a mistrial after Commonwealth witness Wendy DeJesus testified as to appellant's prior bad acts, in violation of the trial court's pre-trial ruling. (Appellant's brief at 11.) For the following reasons, we disagree.

Generally, "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Pa.R.E. 404(b)(1). Evidence of prior bad acts may be admissible, however, "when offered to prove some other relevant fact, such as motive, opportunity, intent, preparation, plan, knowledge, identity, and absence of mistake or accident." ***Commonwealth v. Ross***, 57 A.3d 85, 98 (Pa.Super. 2012) (citations omitted), ***appeal denied***, 72 A.3d 603 (Pa. 2013). Prior bad acts evidence

"may also be admissible . . . in situations where the bad acts were part of a chain or sequence of events that formed the history of the case and were part of its natural development." ***Commonwealth v. Melendez-Rodriguez***, 856 A.2d 1278, 1283 (Pa.Super. 2004) (citation omitted). "In determining whether evidence of other prior bad acts is admissible, the trial court is obliged to balance the probative value of such evidence against its prejudicial impact." ***Ross***, 57 A.3d at 98 (citation omitted).

Here, DeJesus testified on redirect examination as follows:

> We celebrated New Year's [D]ay in [the victim's] apartment on Broad Street at the time where she was living with [appellant] and two kids. And midnight came, we all got, took our shots, and then we all decided to go to the bar, Club 570 up the road. He did not agree with it. I guess the dress that she was wearing, he was not agreeing to it so he didn't want to go. She's like, I'm going to celebrate with my sisters. **He got aggressive and abusive and luckily my other family members were there and he separated from her.** Then she jumped in the car with us. **When we were driving to Club 570 [appellant] was in his pick-up truck and followed us all the way to the Club 570 and was beeping the horn and trying to run us over inside the Club 570 parking lot.** My sister said at the time I'm just going to go home with him so he doesn't start nothing. And from there, they went home together.

Notes of testimony, 6/27/16 at 119 (emphasis added). Trial counsel did not object to this testimony.

Upon review, we find that appellant's ineffectiveness claim fails because he failed to satisfy the second prong of the ***Pierce*** test; namely, that trial counsel did not have a reasonable strategic basis for not objecting to DeJesus'

testimony. *See Simpson*, 66 A.3d at 260. "[G]enerally, where matters of strategy and tactics are concerned, counsel's assistance is deemed constitutionally effective if he chose a particular course that had some reasonable basis designed to effectuate his client's interests." *Commonwealth v. Koehler*, 36 A.3d 121, 132 (Pa. 2012). "If counsel's chosen course had some reasonable basis, the inquiry ends and counsel's assistance is deemed effective." *Commonwealth v. Williams*, 899 A.2d 1060, 1064 (Pa. 2006).

Instantly, trial counsel testified at length at the PCRA hearing on his strategic decision to forgo objecting to DeJesus' testimony, based upon his belief that this testimony helped prove his case theory that appellant and the victim were "essentially living as husband and wife[] and that they had a stormy relationship". (Notes of testimony, 5/22/19 at 6.) Counsel indicated that his goal was to reduce appellant's charges to voluntary manslaughter and he believed that DeJesus' testimony helped in that regard and "didn't feel that [the testimony] would hurt us that much." (*Id.* at 6-7.)

Based on the foregoing, we find that trial counsel had a reasonable strategic basis for electing not to object to DeJesus' testimony. Accordingly, appellant's first ineffectiveness claim must fail.

Appellant next argues that trial counsel was ineffective for not objecting to hearsay testimony of Commonwealth witness Aura Santiago. (Appellant's brief at 18.) For the following reasons, we disagree.

Hearsay is defined as "a statement that the declarant does not make while testifying at the current trial or hearing[, offered] in evidence to prove the truth of the matter asserted in the statement." Pa.R.E. 801(c) (numeration omitted); *see also **Commonwealth v. Ali***, 10 A.3d 282, 316 (Pa. 2010). Hearsay is generally inadmissible at trial unless it falls into an exception to the hearsay rule. ***See*** Pa.R.E. 802.

Here, appellant takes issue with the following exchange between Assistant District Attorney Daniel E. Zola and Santiago that occurred during direct examination:

> Q. Let's back up a second so that we don't get confused. Are you talking about the same conversation --
>
> A. Yes, the same conversation.
>
> Q. -- that you had with [the victim] that took place at 12:50?
>
> A Yes. 12:50. I has [sic] spoke to her like early for ten minutes. And she say [sic] to me -- I ask her for $10. She say [sic] to me, [c]ome over here because [appellant] has my bank card. So you can come and get it from him and I can give it to you.
>
> Q But you didn't go over for that purpose?
>
> A. No. I told her I just wanted you to get out of the house and go in the front, I [sic] going to get the card from you because I was expecting it. So she can get out because something sounds weird. The only thing I want is she get out of the house. She say [sic], I don't feel safety [sic]. And the last thing I hear was when she say Oscar, Oscar, Oscar, three times.

> Q. Was that prior to the end of the phone conversation?
>
> A. That was the end of the phone conversation.

Notes of testimony, 6/27/16 at 124-125. Trial counsel did not object to this testimony.

Upon review, we find that appellant's ineffectiveness claim fails because he failed to satisfy the third prong of the *Pierce* test; namely, that he was prejudiced by trial counsel's failure to object. *See Simpson*, 66 A.3d at 260. "A petitioner establishes prejudice when he demonstrates that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Commonwealth v. Johnson*, 966 A.2d 523, 533 (Pa. 2009) (citations and internal quotation marks omitted). "Absent a showing of such prejudice, the claim of ineffectiveness fails, regardless of whether counsel lacked a reasonable basis." *Commonwealth v. Spotz*, 84 A.3d 294, 319 (Pa. 2014) (internal quotation marks omitted).

Here, the record reflects that even if trial counsel had objected to Santiago's testimony as hearsay, appellant failed to demonstrate "a reasonable likelihood the outcome of the proceedings would have been different." *See Simpson*, 66 A.3d at 260 (citation omitted). As the PCRA court recognized in its opinion, although Santiago's statements qualified as inadmissible hearsay, "they had *de minimus* value and sustaining any

objections would not have changed the outcome of the case." (PCRA court opinion, 6/19/19 at 6.[3]) The PCRA court found that the Commonwealth presented overwhelming credible evidence that appellant murdered the victim that mitigated any prejudicial impact of Santiago's testimony and, in any event, the trial court, sitting as fact-finder, did not consider this testimony when rendering its guilty verdict. (***See id.***; Rule 1925(a) opinion, 2/23/17 at 6-8.) This court has long "presume[d] that a judge, sitting as finder of fact in a non-jury trial, disregards inadmissible hearsay testimony." ***Commonwealth v. Guerra***, No. 3438 EDA 2017, unpublished memorandum at 6 (Pa.Super. filed April 8, 2019), citing ***Commonwealth v. Dent***, 837 A.2d 571, 582 (Pa.Super. 2003), ***appeal denied***, 863 A.2d 1143 (Pa. 2004). Based on the foregoing, we conclude that appellant's second ineffectiveness claim warrants no relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/12/2020

---

[3] The PCRA court's opinion does not contain pagination; for the ease of our discussion, we have assigned each page a corresponding number.