J-S31022-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GIOVANNY COTTO | : | |
| | : | |
| Appellant | : | No. 3017 EDA 2024 |

Appeal from the PCRA Order Entered October 7, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001586-2016

BEFORE: PANELLA, P.J.E., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.: **FILED OCTOBER 17, 2025**

Appellant, Giovanny Cotto, appeals from the October 7, 2024, order entered in the Philadelphia County Court of Common Pleas in which the trial court denied his petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, after a hearing. He raises a claim of ineffective assistance of counsel. After careful review, we affirm.

The relevant facts and procedural history are as follows. Briefly, on November 24, 2015, Appellant led police on a high-speed chase, crashed his vehicle into a school bus, and shot at the officers in pursuit, hitting and injuring one officer. On June 7, 2017, Appellant entered an open guilty plea to three counts of Attempted Murder, two counts of Aggravated Assault, one count of Assault of a Law Enforcement Officer, one count of Causing Catastrophe, and related offenses. On November 13, 2017, Appellant filed a motion to withdraw his plea, and plea negotiations between the parties continued. On February

27, 2018, Appellant withdrew his motion and again pled guilty to the same charges, now with a negotiated sentence. The trial court sentenced Appellant to the agreed-upon aggregate term of 35 to 70 years of incarceration.

Appellant filed a post-sentence motion challenging his sentence as an unconstitutional *de facto* life sentence, which the court denied. Appellant then filed a direct appeal to this Court challenging the discretionary aspects of his sentence and the voluntariness of his guilty plea. This Court affirmed Appellant's judgment of sentence in a non-precedential memorandum opinion on May 20, 2020, and our Supreme Court denied allocatur on May 31, 2022. ***Commonwealth v. Cotto***, 2020 WL 2554259 (Pa. Super. 2020) (non-precedential decision), *appeal denied*, 279 A.3d 498 (Pa. 2022).

On March 7, 2023, Appellant filed a timely *pro se* PCRA petition.[1] On January 5, 2024, Appellant filed a counseled, amended PCRA petition raising claims of ineffective assistance of counsel. After holding an evidentiary hearing, the PCRA court dismissed Appellant's petition as meritless.

This timely appeal follows. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following issue for our review: "Did the court err and abuse its discretion by denying Appellant's PCRA as [] Appellant was

---

[1] The court initially appointed William Love, Esq., as PCRA counsel. On July 17, 2023, Love filed a no-merit letter pursuant to ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988). On August 7, 2023, the court sent a notice of intent to dismiss pursuant to Rule 907. On September 1, 2023, current PCRA counsel, Lonny Fish, Esq., entered his appearance.

improperly advised that he should accept a negotiated guilty plea as the court was going to consider inappropriate factors at sentencing had he pled open?" Appellant's Br. at 8 (capitalization altered).

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). "This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings." *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010).

Appellant raises an issue of ineffective assistance of counsel. The law presumes counsel has rendered effective assistance and "the burden of demonstrating ineffectiveness rests on [the] appellant." *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). To satisfy this burden, the appellant must plead and prove by a preponderance of the evidence that: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) there is a reasonable probability that the outcome of the challenged proceeding would have been different absent counsel's error. *Commonwealth v. Williams*, 899 A.2d 1060, 1064 (Pa. 2006). Failure to satisfy any prong of the test will result in rejection of the appellant's claim. *Id.*

"[A]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v.*

*Wah*, 42 A.3d 335, 338 (Pa. Super. 2012) (citations omitted). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Id.* at 338-39. "[T]he law does not require that the defendant be pleased with the outcome of his decision to enter a plea of guilty: [a]ll that is required is that his decision to plead guilty be knowingly, voluntarily, and intelligently made." *Commonwealth v. Anderson*, 995 A.2d 1184, 1192 (Pa. Super. 2010) (citation omitted).

Appellant claims that plea counsel, Tobias Brown, Esq., was ineffective because Appellant "was not properly advised to enter into a negotiated plea, rather than an open plea." Appellant's Br. at 15. Specifically, Appellant argues that it was improper for plea counsel to advise Appellant that he "was likely to receive a harsh sentence as sentencing is 'all politics.'" *Id.* at 17. He argues that plea counsel's suggestion that "he accept 35-70 years in prison because of 'politics' instead of an individualized plea renders the plea invalid." *Id.* at 22. He also asserts that plea counsel did "little to no preparation" for sentencing, did not "recover previously submitted forensic reports," and "did not subpoena any records[.]" *Id.* at 16.

The PCRA court found that Appellant's counsel provided effective assistance, as counsel credibly testified that he "discussed with Appellant the difference between an open guilty plea and a negotiated plea[ and] informed Appellant [that it] was his sole decision whether to go to trial." PCRA Ct. Op., 1/2/25. at 8. The court also emphasized at the PCRA hearing that plea

counsel's "concerns about the political implications [were] fair for him to discuss with his client, [including] the impact of the number of police that would appear [and] his concern about the type of mitigation [the defense] had to present[,]"adding that "whether or not that would impact [the court] is of no moment[, b]ut, certainly, as a defense lawyer, you want to talk about these things with your client." N.T. PCRA Hr'g, 10/7/24, at 30-31. The PCRA court thus concluded that Appellant's claim was without merit. PCRA Ct. Op. at 8.

The PCRA court's findings are supported by the evidence of record and free of legal error. Plea counsel provided assistance within the range of competence demanded of attorneys in criminal cases when he advised Appellant that the characteristics of the victims and the nature of the crimes would likely have an impact on the severity of the sentence. ***See Wah***, 42 A.3d at 338-39. Further, the record is clear that plea counsel presented mitigating evidence at sentencing, including a forensic evaluation. ***See*** N.T. Sent'g, 2/27/18, at 29-39. The PCRA court, thus, properly dismissed Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/17/2025

- 5 -